**FELT, a minor v TOLEDO** (city)

Ohio Appeals, 6th Dist, Lucas Co

No 2758. Decided March 20, 1933

S. S. Burtsfield, Toledo, for plaintiff in error.

Irving J. O'Connor, Director of Law, Toledo, and Gerald P. Openlander, Toledo, for defendant in error.

RICHARDS, J.

The maintenance of the slide in the condition it was in is charged to have constituted negligence on the part of the city. The structure had been in use for several years on a playground operated by the city, which offered evidence tending to show that the slide was in the same condition when purchased and that many such slides were in general use. The evidence tends to show that when constructed a sheet of rubber was inserted at this joint, designed to prevent water passing through, but that in the course of time the rubber had so deteriorated that it failed to fulfill the purpose intended. It is manifest that if the upper edge of the lower sheet should become slightly raised, the slide would be extremely dangerous, and there is some testimony tending to show that, for a time prior to and after the injury to the plaintiff, it was in that condition and that there was a bump at that place. Boys of 11 or 12 years of age, who were in the habit of using the slide, testified that they had learned that their heels would get caught at this crack or joint and to avoid it they were accustomed to raise their feet as they passed the place. The city employed a man to repair various kinds of equipment on the playgrounds, but he had discovered nothing wrong with this slide. The city contended that the playground was not used as such in the summer of 1931 after the 7th or 8th of August and that no supervisor was in attendance after that date, but no fence or barricade was constructed around the playground, and it could hardly be expected that a seven-year old child would take notice that play time for the summer ended on August 8th. During the trial the judge made the following statement:

"I understand it is conceded that this crack as it now exists is the same crack that has always been there,"

and a little later he put the statement in the following form:

"This crack is the same crack that it always has been,"

and counsel for plaintiff assented to the statement. In view of some evidence tending to show that the upper edge of the lower sheet "was up about half an inch higher than this part coming down" and that there was a bump there, we think this statement must be taken to mean only that the crack was the same crack that had always been there.

It would seem an easy matter to have constructed the sheet iron bottom so that the lower end of the upper sheet would overlap the lower sheet, similar to shingles on a roof, and thus have rendered the equipment entirely safe.

The structure was owned by and under the exclusive control of the city and had been used by it for a long period of time, and we are of opinion that the evidence on the subject of notice was sufficient to carry the case to the jury as to whether the city knew or, in the exercise of ordinary care, should have known of the existence of the defect, either actual or constructive notice being sufficient.

Counsel for plaintiff relies on the claim that the doctrine of res ipsa loquitor applies, but since the decision in **Cleveland v Pine, 123 Oh St, 578,** there can be no foundation for such claim.

On the trial, counsel had some controversy as to whether the petition stated more than one cause of action. Our examination of the pleading convinces us that it states only one cause of action, with additional averments of facts which it is claimed aggravated the damages.

Judgment reversed and cause remanded for a new trial.

WILLIAMS and LLOYD, JJ, concur.